IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE VINSON MATTHEWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1825 |
| | § | |
| MEGAN J. BRENNAN, Postmaster General, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This order resolves two pending motions. The plaintiff, Janice Vinson Matthews, has filed a Motion to Quash or Modify Defendant's Subpoena to Dr. Ramesh Parikh, one of her medical care providers. (Docket Entry No. 51). Ms. Matthews argues that the subpoena: (1) was served on Dr. Parikh before Ms. Matthews received notice, *see* FED. R. CIV. P. 45(a)(4); (2) failed to allow Dr. Parikh a reasonable time to comply because it was sent to the wrong suite number in the same office building and only gave him five days to comply, *see* FED. R. CIV. P. 45(d)(3)(A)(I); and (3) gave Dr. Parikh incorrect information regarding Ms. Matthews's date of birth. Ms. Matthews requests that the court require the government to reissue the notice to her, reissue the subpoena to Dr. Parikh's correct office, and give 21 days from the date of service to comply.

Rule 45 provides that "[i]f [a] subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." FED. R. CIV. P. 45(a)(4). This "prior notice" may be given "pursuant to Rule 5." *Id.*, Advisory Committee Notes, 1991 Amendments. Under Rule 5, "[a] paper is served

1

. . . by . . . mailing it to the person's last known address—in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). Matthews acknowledges that the government sent her the notice and subpoena on April 23, 2015 via certified mail. (Docket Entry No. 51, at 1 & Ex. 1). Service was complete on that date, the same day the government served the subpoena on Dr. Parikh. The purpose of Rule 45(a)(4)'s prior notice requirement "is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." FED. R. CIV. P. 45, Advisory Committee Notes, 1991. The subpoena at issue seeks Ms. Matthews' medical records pursuant to a medical-records release that Ms. Matthews has already signed. (Docket Entry No. 51-1, at 10, 12). The government did not violate Rule 45(a)(4).

The subpoena also gave Dr. Parikh a reasonable time to comply. "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." FED. R. CIV. P. 45(d)(3)(A)(i). Although the subpoena was sent to a different suite number in the medical complex than Ms. Matthews requested, she has not shown how, or explained why, that suite number is incorrect. The subpoena incorrectly listed Ms. Matthews's date of birth as March 18, 2004, but it identified both her social security number and full name. (Docket Entry No. 51-1, at 9). The subpoena sought the requested medical records within five days, by April 28, 2015, so that the government could use the records to prepare for Ms. Matthews's deposition scheduled on April 30, 2015. (Docket Entry No. 51-1, at 3, 6). Dr. Parikh has not alerted the court that he has been unable to comply with the subpoena in the time given. The government's request was not unreasonable under the circumstances. *See* David D. Siegel, *Practice Commentaries*, Rule 45, C45-10 ("Some lawyers try to give at least 10 days notice time as a rule of thumb, giving less only when it is unavoidable. Others report using five days as a general standard.

. . .  There are instances when notice of only a day or two will be possible, of course, and some lawyers report having sometimes had to use a 'forthwith' subpoena, as when the need of something comes up without warning right in the middle of a complicated trial.  Whether any of these shortened return times is 'reasonable' depends on the context, and the court will of course be the judge of that if the point should arise, as on a motion to quash, for example, or to punish for contempt.").  The court denies Ms. Matthews's motion to quash or modify.  (Docket Entry No. 51).

Ms. Matthews has also filed a Motion to Compel the Defendant to Comply with the Federal Rules of Civil Procedure and Other Court Orders.  (Docket Entry No. 52).  She argues that the government: (1) has not substituted a party under Federal Rule of Civil Procedure 25 even though it refers to both Patrick Donahoe and Megan Brennan as defendants in its written submissions, (2) violated Rule 45 for the reasons discussed above; (3) has not given Ms. Matthews adequate time to respond to its discovery inquiries; and (4) requested postponement of the Settlement Conference before Magistrate Judge Milloy without informing the court of Ms. Matthews's stated opposition.

Megan Brennan recently replaced Patrick Donahoe as postmaster.  The government does not need to substitute Postmaster Brennan as a party under Rule 25 because Ms. Matthews sued former Postmaster Donahoe in his official capacity.  The court has already addressed Ms. Matthews's Rule 45 objections relating to the subpoena served on Dr. Parikh.  The court acknowledges Ms. Matthews's timing concerns with respect to additional subpoenas served on her, and appreciates her good faith efforts to comply timely.  If the government seeks action from the court regarding her modestly untimely responses, Ms. Matthews may explain her reasons for the late responses to the court and seek appropriate relief at that juncture.  In the meantime, this motion is not the appropriate mechanism to lodge those explanations.  The court denies Ms. Matthews's motion to compel.

(Docket Entry No. 52).

      The court denies both of Ms. Matthews's motions, (Docket Entry Nos. 51, 52).

      SIGNED on April 30, 2015, at Houston, Texas.

                                    Lee H. Rosenthal
                              United States District Judge