United States District Court
Southern District of Texas

**ENTERED**

June 25, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JANICE VINSON MATTHEWS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-14-1825 |
| | § | |
| DAVID STEINER, Postmaster General, | § | |
| U.S. Postal Service, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The background of this case has been extensively covered in multiple prior opinions from this court.[1]  *See Matthews v. DeJoy*, Civ. Action No. H-25-1329, 2025 WL 3672954 (S.D. Tex. Dec. 15, 2025); *Matthews v. Brennan*, Civ. Action No. H-14-1825, 2017 WL 1956732 (S.D. Tex. May 11, 2017).  To briefly recap:  Matthews is a former employee of the U.S. Postal Service who, on April 18, 2007, was assigned to work in a different station as part of the Postal Service's "National Reassessment Process."  *See Matthews*, 2025 WL 3672954, at *1.  On April 30, 2007, Matthews received her offer for an eight-hour shift at the different station, which did not reflect her medically based-four hour shift restriction.  *Id.*  She was sent home without pay that day after a manager told her that there was no other job available.  *Id.*  On May 3, 2007, Matthews received a modified offer that correctly reflected her four-hour restriction; Matthews got a copy of the offer by mail on June 15, 2007.  *Id.*  Between May 2007 and November 2011, however, Matthews provided a series of doctor's notes stating that she was unable to work.  *Id.* at *2.  The November 2011 doctor's note stated that Matthews would be able to return to work no sooner than May 31,

---

[1] The court substitutes in the name of the current Postmaster General.  FED. R. CIV. P. 25(d).

2012, but that the exact date was unclear. *Id*. In December 2011, the Postal Service separated Matthews based on a Postal Service manual provision providing for administrative separation for employees who have been unable to work for more than a year and who are unlikely to be able to return to work in the near future. *Id.*

Based on these actions, Matthews sued the Postal Service in June 2014 for discrimination and retaliation. In May 2017, this court granted summary judgment to the Postal Service on Matthews's 2012 administrative separation claims and her 2007 retaliation claims. *Matthews*, 2017 WL 1956732, at *11. The court stayed her 2007 discrimination claims and administratively closed the case pending the resolution of an EEOC class action in which she was a member. *Id.* at * 11. The court stated that if the EEOC class action did not resolve Matthews's 2007 discrimination claims, the parties could move to reinstate those claims to the active docket and seek a status conference in this court within 14 days after the class action was resolved. *Id.* at *11.

Matthews's 2007 discrimination claims were not resolved by the EEOC class action. *Matthews*, 2025 WL 3672954, at *2. Instead of moving to reopen the old case, however, she filed a new case. *Id.* The court dismissed that case based on preclusion as well as frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i) because her 2007 discrimination claims were duplicative of the claims that were stayed in 2017. *Id.* at *4. The court ordered this case to be reopened instead and set a briefing schedule for the government to file a motion for summary judgment on Matthews's remaining claims.[2] (Docket Entry No. 131). The government has now filed that motion. (Docket Entry No. 132). Matthews has responded. (Docket Entry No. 133). Based on the briefing, the record, and the applicable law, the court grants the motion for summary judgment.

---

[2] The court also ordered that if Matthews wanted to bring new claims based on discrimination or retaliation in her retirement compensation, she had to file a new complaint. (Docket Entry No. 131). Matthews did so. That case, which is assigned to this judge, is Case No. 4:26-cv-2889. There is a pending motion to dismiss that is not yet ripe for ruling. (Case No. 4:26-cv-2889, Docket Entry No. 11).

Matthews asserts disability discrimination claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and Title VII.  (Docket Entry No. 1).  There are five actions that form the basis of her 2007 disability discrimination claims: (1) on April 18, 2007, the Postal Service "canceled/terminated" her "limited duty assignment" at her prior station; (2) on April 30, 2007, the Postal Service "refused to allow" her "to get on the clock, offered her a limited-duty assignment that violated her medical work restrictions for her on-the-job injury, spoke to her totally unprofessionally, would not let her work any hours, would not put her in a pay status even after detaining her for over 20 minutes," and "sent her home refusing to release her back to" her prior station; (4) on June 8, 2007, the Postal Service cancelled a scheduled EEOC appointment; and (5) on June 15, 2007, the Postal Service "forced her to accept a bogus limited duty assignment which was back dated and did not post or state her status, level, step, and salary."  (*Id.* ⁋ 7).

As this court has already explained, Matthews's ADA and Title VII claims based on these actions fail as a matter of law because "[a] federal employee's remedy for employment-related disability discrimination or retaliation is a suit under the Rehabilitation Act, rather than the [ADA] or Title VII."  *Matthews*, 2017 WL 1956732, at *4; *see also Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 864 (S.D. Tex. 2010) ("The ADA specifically exempts the federal government as an employer from its coverage.  Instead, the Rehabilitation Act 'constitutes the exclusive remedy for a federal employee alleging disability-based discrimination.'" (citations omitted) (quoting *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008))); *accord Nassif v. Yellen*, No. CV H-21-1152, 2023 WL 2145539, at *6 (S.D. Tex. Feb. 21, 2023), *report and recommendation adopted*, 2023 WL 2479629 (S.D. Tex. Mar. 10, 2023).  Matthews cannot bring claims for disability discrimination under the ADA or Title VII.  Instead, her claims for disability discrimination fall entirely under the Rehabilitation Act.

Under the Rehabilitation Act (like the ADA and Title VII), a plaintiff may use indirect or circumstantial evidence to provide discrimination. *Matthews*, 2017 WL 1956732, at \*4. When, as in this case, direct evidence is lacking, the court reviews discrimination claims under the modified *McDonnell Douglas* framework. First, the plaintiff has the initial burden of making a prima facie showing of discrimination. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). "To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must prove that (1) she is an individual with a disability; (2) who is otherwise qualified; (3) who worked for a program or activity receiving Federal financial assistance; and (4) that she was discriminated against solely by reason of her or his disability." *Cromwell v. Boa Vida Hosp. of Aberdeen, MS, L.L.C.*, No. 22-60109, 2023 WL 2535739, at \*2 (5th Cir. Mar. 16, 2023) (per curiam) (cleaned up). If a plaintiff makes a prima facie showing, the burden shifts to the defendant to articulate a "legitimate, alternative, nondiscriminatory reason" for the adverse employment decision. *Culwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006). If the defendant does so, the plaintiff must then identify evidence to create a factual dispute material to deciding whether the defendant's reason is merely a pretext for discrimination. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

"Under the ADA, whose standards apply to the Rehabilitation Act, a 'qualified individual with a disability' means 'an individual with a disability who satisfies the requisite skill, experience, education, and other job-related requirements of the employment position such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position.'" *Ladson v. U.S. Postal Serv.*, Civ. Action No. H-05-1643, 2007 WL 1850422, at \*7 (S.D. Tex. June 26, 2007) (quoting 29 C.F.R. 1630.2(m)). "The 'qualified individual' requirement recognizes that an employer is not wedded to a disabled employee who cannot satisfy

4

basic job requirements." *Grodman v. Tex. Tech. Univ. Health Sciences Ctr.*, 816 F. Supp. 3d 602, 617 (N.D. Tex. 2025). "[T]he inability (or refusal) to attend work disqualifies one from being a "'qualified individual with a disability'" under the ADA" or Rehabilitation Act. *Villarreal v. Tropical Tex. Behav. Health*, No. 20-40782, 2021 WL 3525023, at *5 (5th Cir. Aug. 10, 2021) (quoting *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996)).

The court grants the government's motion for summary judgment. First, even assuming that Matthews's complained-of actions constitute discrimination, Matthews has not shown that her disability was the cause of such discrimination, let alone the "sole" cause. *See Harmon v. Collier*, 158 F.4th 595, 611 (2025) (noting that "discrimination 'solely by reason of' a disability is the fourth element of viable Rehabilitation Act discrimination claims"). As the court explained in its 2017 opinion in this case, the record shows that the Postal Service proffered competent evidence that it reassigned workers, including Matthews, as a cost-saving measure and that her April 30, 2007, job offer did not track her medical requirements due to inadvertence and clerical mistake. *Matthews*, 2017 WL 1956732, at *8 (citing Docket Entry No. 98-8 at 4–5, 7–8, 10). Matthews was not allowed to get "on the clock" on April 30, 2007, because she had rejected the formal reassignment offer and there was no other shift available to give her. *Id.* (citing Docket Entry No. 98-6 at 5). Matthews offered no evidence that she ever had an EEO appointment cancelled, let alone cancelled on the basis of discrimination or retaliation. *Id.* at *8 n.4.

Matthews's response to the motion for summary judgment does not point to or provide any evidentiary support for her claim that her disability was the cause of the employment decisions she challenges. She asserts that she brought her claims "clearly, precisely, and very specifically" and that she has "**NOT had the opportunity** to present [her] EVIDENCE to the **Judge and Jury** to show how GREAT the harm was and still is." (Docket Entry No. 133 at 2, 3). To the extent that

5

Matthews is seemingly requesting additional discovery under Rule 56(d), (Docket Entry No. 133 at 2), that request is denied because she has not met the requirements for such relief. *See, e.g.*, *United States v. Eventeurs, LLC*, Civ. Action No. H-25-5548, 2026 WL 1512164, at *1 (S.D. Tex. May 29, 2026) (explaining the requirements for requesting additional discovery under Rule 56(d)). Because Matthews has not provided evidence showing that there is a genuine factual dispute material to causation, an essential element of her Rehabilitation Act claims, summary judgment for the Postal Service is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case").

Second, this court has already ruled that most of the actions Matthews complains of are not adverse employment acts. As the court explained in 2017, as to the alleged EEO appointment cancellation, there is no disability discrimination cause of action for a federal employee based on delays in the EEO investigative process. *Matthews*, 2017 WL 1956732, at *8 n.4. Matthews's allegations about the "bogus" job offer also fail. She did not then—and does not now—explain how this "clerical error," which was quickly fixed, "could harm her." *Id.* Rather, "[r]eceipt of a job offer that, through clerical oversight, omits customarily included information is a paradigmatic example of a mere annoyance or slight that does not rise to the level of a material adverse event." *Id.* Matthews has provided no basis for this court to depart from its previous holding that most of the Postal Service actions she complains of do not constitute adverse employment decisions, and there is no evidence in the record that any of the other actions Matthews complains of—including her purely lateral transfer—caused her any more than de minimis harm. *See BNI Franchising, LLC v. Network for Action Int'l, LLC*, Civ. Action No. H-24-3126, 2026 WL 818331, at *5 (S.D. Tex. Mar. 24, 2026) (explaining that, generally, when a court decides an issue, "that decision

6

should continue to govern the same issues in subsequent stages of the same case" (quoting *In re AKD Invs.*, 79 F.4th 487, 491 (5th Cir. 2023))); *Green v. Ochsner LSU Health Shreveport*, Civ. Action No. 22-1422, 2024 WL 1057217, at *7 (W.D. La. Mar. 11, 2024) (explaining that an adverse employment action must be more than *de minimis* discrimination in the terms, conditions, or privileges of employment).

Third, again assuming that Matthews has alleged adverse employment actions, she has not shown that she was "otherwise qualified" for her position. The record shows that Matthews's doctor stated in May 2007 that she was unable to return to work. (Docket Entry No. 98-3 at 2). Matthews had been off work since April 30, 2007, due to "Stress Illness." (Docket Entry No. 98-5 at 1). When Matthews received the modified job offer on June 15, 2007, she checked the box explaining that she accepted the offer but added a note stating that she did so "under protest and distress" because she was "unable to report for duty until [her] doctor has released [her]." (Docket Entry No. 98-8 at 2). Between May 2007 and November 2011, Matthews provided a series of doctor's notes stating that she was unable to return to work, and she was eventually separated after a four-year absence with no prospect of return in the near future. *Matthews*, 2017 WL 1956732, at *2, 10. Matthews has provided no evidence of her own showing that she was "otherwise qualified" to work and admits that she was in the middle of a nervous breakdown during the period in question.[3] (Docket Entry No. 133 at 4). As this court has, again, already explained, "[i]f undisputed facts show that a person is medically unable to work a particular job, that person is not qualified for that job." *Matthews*, 2017 WL 1956732, at *10.

---

[3] Matthews's response brief also asserts that she cannot ascertain what medical records the government's motion for summary judgment refers to, (Docket Entry No. 133 at 5), even though these records have been part of the docket since 2016 and were heavily referred to in this court's prior ruling.

The court grants the government's motion for summary judgment.  (Docket Entry No. 132).
The court will separately enter final judgment.

SIGNED on June 25, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge